THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CIVIL CASE NO. 2:12cv16-MR
[Criminal Case No. 2:10CR2]

MARCOS PATINO REYES,                )
                                    )
         Petitioner,                )
                                    )
    vs.                             )          O R D E R
                                    )
UNITED STATES OF AMERICA,           )
                                    )
         Respondent.                )
_____)

**THIS MATTER** comes before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. [Doc. 1].

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On February 4, 2010, Petitioner was indicted by the Grand Jury sitting for the Western District of North Carolina for being an illegal alien and knowingly and unlawfully attempting to enter and being found in the United States without the express consent of United States Attorney General or Homeland Security Secretary, in violation 8 U.S.C. §§ 1326(a) and (b)(2). [Criminal Case No. 2:10cr2, Doc. 1: Indictment at 1].

Petitioner was arrested and made his initial appearance before the Magistrate Judge and requested appointment of counsel. [See id., Minute

Entry of Initial Appearance Feb. 17, 2010]. Petitioner was appointed counsel and ordered detained. [Id., Doc. 4: Order of Detention]. On March 8, 2010, Petitioner notified the Court of his intention to change his plea of not guilty to a plea of guilty. [Id., Doc. 8: Notice of Intent to Change Plea]. On March 15, 2010, Petitioner appeared with counsel before the Magistrate Judge for his Rule 11 hearing and entered a "straight up" plea of guilty to the charge in the Indictment without benefit of a Plea Agreement. [Id., Doc. 10: Acceptance and Entry of Guilty Plea]. Following the standard Rule 11 colloquy, the Magistrate Judge accepted Petitioner's plea of guilty to the sole count of the Indictment. [Id.].

On August 18, 2010, Petitioner appeared with counsel before the Court for his sentencing hearing. On September 3, 2010, the Court entered Judgment sentencing Petitioner to 41 months' imprisonment. [Id., Doc. 16: Judgment in a Criminal Case]. Petitioner did not file a Notice of Appeal from the Court's Judgment.

On May 15, 2012, Petitioner filed the instant Motion seeking relief under 28 U.S.C. § 2255. [ Doc. 1]. After conducting an initial review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court determined that Petitioner's Section 2255 motion appeared to be untimely as

it was filed outside the one-year limitations period provided for under Section 2255(f). Accordingly, the Court entered an Order directing Petitioner to address the issue of whether his § 2255 motion was timely filed under § 2255(f).[1] [Doc. 2].

Petitioner filed a timely response to the Court's Order and therein concedes that his § 2255 motion is untimely. [Doc. 3 at 2]. Petitioner contends, however, that his failure to file within one year of the date on which his conviction became final should be excused because he did not learn about the availability of collateral relief until after his one year time period had expired. [Id.]. Petitioner contends that his trial counsel never gave him the opportunity to file for such relief. If he had been so informed, Petitioner asserts, he would have definitely availed himself of the "Two Points 'Downward Departures.'" [Id. at 3]. Petitioner also contends that his inability to read and write well in the English language impeded his ability to file a timely § 2255 motion. [Id. at 2-3].

---

[1] The Court of Appeals has directed district courts to warn pro se petitioners prior to dismissing their habeas claims as untimely where the Government has not filed a motion to dismiss based on the limitations period. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); see also United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008) (remanding to district court pursuant to Hill for determination of timeliness of § 2255 motion).

3

## II. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Petitioner did not file an appeal, Petitioner's Judgment was final at the expiration of this fourteen (14) day time for appeal. Under the AEDPA, Petitioner's Section 2255 motion must have been filed within one-year of the date his Judgment became final, or on or about September 17,

2011.  Petitioner's Section 2255 Motion, filed May 15, 2012, was filed some eight (8) months out of time.

Because Petitioner's motion is clearly filed outside the one-year limitations period, it must be dismissed unless Petitioner can demonstrate suitable grounds to equitably toll the limitations period.  See Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560, 177 L.E.2d 130 (2010).  In order to demonstrate that he qualifies for equitable tolling, Petitioner must show that "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L.Ed.2d 669 (2005)).  The Fourth Circuit, however, has cautioned district courts that when considering whether to grant the remedy of equitable tolling: "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes."  Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

Petitioner does not contend that his trial counsel failed to file a direct appeal from his conviction and sentence.  Rather, Petitioner contends that he was ignorant of the possibility of collateral relief.  A petitioner seeking the relief

of equitable tolling must demonstrate that he has exercised "reasonable diligence" to protect his own interests. Holland, 130 S. Ct. at 2565. Petitioner's professed language barriers and ignorance of his avenue of collateral attack do not meet the high threshold demanded by the principle of equitable tolling. See, e.g. Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (finding that lack of access to legal materials in the Spanish language does not support equitable tolling); Yang v. Archuleta, 525 F.3d 925, 929-30 (10th Cir. 2008) (same); see also Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002) (holding that the inability to read and speak English is not sufficient, in itself, to support equitable tolling in context of § 2244(d)(1) application for habeas relief from State judgment). Therefore, Petitioner's § 2255 motion must be denied and dismissed as untimely.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S. Ct. 1029, 1039-1041, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S.

473, 484, 120 S. Ct. 1595, 146 L.Ed.2d 542 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that a dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

III. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 motion [Doc. 1] is **DENIED** and **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: August 1, 2012

Martin Reidinger
United States District Judge